### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOY HOFMANN,              : | CIVIL ACTION |
|     Plaintiff,      : | |
|                                    : | |
|     v.                        : | |
|                                    : | NO. 06-1252 |
| PHILADELPHIA EAGLES FOOTBALL      : | |
| CLUB, EAGLES STADIUM               : | DOCUMENT FILED |
| OPERATOR, LLC, SPORTSERVICE        : | ELECTRONICALLY |
| CORP., DELAWARE NORTH              : | |
| COMPANIES and PENN                 : | **JURY TRIAL DEMANDED** |
| SPORTSERVICE, INC.                 : | |

### ANSWER OF DEFENDANTS EAGLES STADIUM OPERATOR, LLC AND PHILADELPHIA EAGLES FOOTBALL CLUB TO PLAINTIFF'S FIRST AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSS-CLAIMS

Defendants Eagles Stadium Operator, LLC (hereafter "ESO") and Philadelphia Eagles Football Club (together hereinafter "answering defendants") by and through their undersigned counsel, hereby answer Plaintiff's First Amended Complaint, as follows:

### RESPONSE TO STATEMENT OF JURISDICTION AND VENUE

- Answering defendants do not have sufficient information regarding plaintiff's residence.

- "Philadelphia Eagles Football Club" is not a corporation; it is a trade name.

- Defendant Eagles Stadium Operator, LLC is a Pennsylvania limited liability corporation with an address at One NovaCare Way, Philadelphia, PA.

- Averments related to "Sportservice Corporation", "Delaware North Companies" and "Penn Sportservice, Inc." are not addressed to answering defendants.

- Answering defendants do not dispute venue.

{1275.00036:KH7817}

- It is also noted that the plaintiff has made no averment regarding the amount in controversy.

## FIRST COUNT

1. Denied. Answering defendants are without information sufficient to determine the truth of this averment.

2. Denied. Answering defendants are without information sufficient to determine the truth of this averment.

3. Denied. The ownership and leasing of Lincoln Financial Field is set forth in a Sublease and Development Agreement, a copy of which will be provided. The statement as to an alleged duty is denied as an incorrect conclusion of law, which also does not require a response.

4. Denied. Answering defendants are without information sufficient to determine the truth of this averment.

5. Admitted, in part; denied, in part. It is admitted that ESO and Penn Sportservice, Inc. entered into a License and Concession Agreement for certain services, including, but not limited to, concessions and vending. A copy of the License and Concession Agreement is attached as Exhibit "A". It is admitted that Delaware North Companies is an affiliate of Penn Sportservices, and by its own action, as an alter ego, by assumption, or by operation of law, may be responsible for some or all of the obligations under the License and Concession Agreement. The remaining averments are denied.

6. Denied. Answering defendants are without information sufficient to determine the truth of this averment.

7. Denied. Answering defendants are without information sufficient to determine the truth of this averment.

8. Denied. It is specifically denied that answering defendants were negligent, as alleged or otherwise. The statement as to an alleged duty is denied as an incorrect conclusion of law, which also does not require a response.

9. Denied. Answering defendants are without information sufficient to determine the truth of this averment.

10. Denied. It is specifically denied that answering defendants were negligent, or that answering defendants caused any injury to plaintiff, as alleged or otherwise.

WHEREFORE, answering defendants Eagles Stadium Operator, LLC and Philadelphia Eagles Football Club demand judgment in their favor and against all claims by all parties and fees, costs, interest and any other relief the Court deems appropriate.

## AFFIRMATIVE DEFENSES

11. The plaintiff was negligent, and said negligence was the proximate cause of the accident, which negligence bars the plaintiff's claim and/or reduces plaintiff's recovery.

12. If it is determined that answering defendants are liable on plaintiff's cause of action, all liability being expressly denied, then plaintiff's recovery should be eliminated or reduced in accordance with the Pennsylvania Comparative Negligence Act, 42 Pa. C.S.A. §7102.

13. Rule 238 of the Pennsylvania Rules of Civil Procedure on its face and as applied is violative of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution, 42 U.S.C.S. 1983 of the Civil Rights Act, Article I §§ 1,6,11,26 and Article V §10 of the Pennsylvania Constitution and imposes a chilling factor on the defendant's exercise of their constitutional rights. If there is a judicial determination that Rule 238 is constitutional, the liability for any interest imposed by the Rule should be suspended during the period of time that plaintiff failed to convey to the answering defendants a settlement demand figure; delayed in answering interrogatories; delayed in responding to requests to produce under Pa. R.C.P.§ 4009; delayed in producing plaintiff for deposition; delayed in any other discovery

requests made by answering defendant, and as a result of any delay, plaintiff should be estopped from obtaining interest because of any violation of the discovery rules.

14. Rule 238 of the Pa. Rules of Civil Procedure is unconstitutional as an impermissible substantive subject of the Supreme Court's rule making power.

15. Plaintiff's Complaint fails to state a claim upon which relief can be granted against answering defendants.

16. If it is proven at trial that plaintiff was injured as alleged, which answering defendants specifically deny, answering defendants believe and aver that plaintiff's conduct caused those injuries and/or made injuries unavoidable. As such, the answering defendants are not liable to plaintiff for any injury alleged in the Complaint.

17. Plaintiff voluntarily encountered the risk of her alleged injuries, and assumed the risk of her alleged injuries and damages.

18. If it is proven that any conditions were unreasonably dangerous, which answering defendants specifically deny, then such conditions were open and obvious, and the answering defendants are not liable to plaintiff for any injuries resulting from any unsafe condition or failure to warn of danger or injury.

19. If an unsafe condition existed at Lincoln Financial Field, which the answering defendants specifically deny, it being also specifically denied that this incident took place at Lincoln Financial Field, then the plaintiff was aware of such condition, and any act or omission by the answering defendants was not the cause in fact of plaintiff's alleged injuries.

20. Plaintiff was a trespasser, and as such, was owed no duty or only a limited duty.

21. Plaintiff's admission to and attendance at Lincoln Financial Field was subject to all terms and conditions set forth on plaintiff's admission ticket, and/or other agreements, said terms and conditions being incorporated herein by reference. By virtue of same, plaintiff's claims are barred pursuant to the doctrines of Release and Waiver or otherwise.

22. If plaintiff suffered damages as alleged, which the answering defendants deny, said damages were caused by acts or omissions of other persons or entities over whom the answering defendants exercised no control, and for whom the answering defendants were not and are not responsible.

23. If an unsafe condition existed, which answering defendants deny, then answering defendants had no notice of such condition.

24. Answering defendants owed no legal duty to plaintiff and breached no legal duty to plaintiff.

25. Answering defendants were not legal possessors of the area of plaintiff's alleged accident.

26. Plaintiff's cause of action is barred by the doctrines of release and waiver and/or accord and satisfaction.

27. Plaintiff's damages are barred or limited by offset, settlement, and/or are not recoverable by Plaintiff due to receipt of insurance benefit payments made to Plaintiff.

28. Plaintiff has failed to mitigate her damages.

29. Plaintiff's claims are barred by the applicable statutes of limitations.

30. The actions of other parties, persons or entities constituted a superceding intervening cause, relieving answering defendants of any and all liabilities.

31. Plaintiff's claims and this lawsuit are barred by the Pennsylvania Statute of Repose, 42 Pa. C.S.A. §5536.

32. Answering defendants cannot be held liable for the conduct of an independent contractor.

WHEREFORE, answering defendants Eagles Stadium Operator, LLC and Philadelphia Eagles Football Club demand judgment in their favor and against all parties, dismissal of plaintiff's complaint and such other and further relief as is just and proper.

### CROSS-CLAIMS DIRECTED TO DEFENDANTS SPORTSERVICE CORPORATION, PENN SPORTSERVICE, INC. and DELAWARE NORTH COMPANIES

1. Answering defendants incorporate the allegations in plaintiff's Complaint, without admission or adoption, as if set forth herein at length.

2. Answering defendants incorporate paragraphs 1 through 32 of its Answer as if set forth herein at length.

3. If plaintiff suffered injuries and/or damages as alleged in plaintiff's Complaint, which answering defendants deny, said injuries and damages were caused solely by the conduct of defendants Sportservice Corporation, Penn Sportservice, Inc., and Delaware North Companies (collectively hereinafter "co-defendants") and not by any conduct attributable to answering defendants.

4. If plaintiff suffered injuries and/or damages as alleged, which answering defendants deny, then co-defendants are solely liable to plaintiff, and/or jointly and/or severally liable to plaintiff, and/or liable over to answering defendants for any injuries and/or damages which plaintiff may have suffered.

5. If answering defendants should be held liable to plaintiff as alleged, which answering defendants deny, then co-defendants are liable over to answering defendants for contribution and/or indemnity, whether by virtue of contract or common law, including full indemnity against any verdict, judgment, attorney fees, interests, and costs.

WHEREFORE, answering defendants deny liability and avers that co-defendants Sportservice Corporation, Penn Sportservice, Inc., and Delaware North Companies are solely liable to plaintiff, and/or are jointly and/or severally liable to plaintiff, and/or are liable over to answering defendants for contribution and/or indemnity, together with interest, costs and attorney fees.

**CROSS-CLAIM DIRECTED TO DEFENDANT PENN SPORTSERVICE, INC.**

1. Answering defendants incorporate paragraphs 1 through 32 of its Answer, and paragraphs 1-5 of its Cross-Claim addressed to co-defendants, as if fully set forth herein in their entirety.

2. Attached hereto as Exhibit "A" and incorporated herein by reference is a copy of the License and Concession Agreement between Eagles Stadium Operator, LLC and Penn Sportservice, Inc. ("PSI") for the event in question.

3. Pursuant to the contract attached as Exhibit "A", PSI is obligated to indemnify, defend and hold harmless answering defendants from all liability, losses, obligations, damages, fees, costs and expenses in this matter.

4. Further, pursuant to the contract attached as Exhibit "A", PSI agreed to purchase insurance naming answering defendants as additional insureds as provided in the contract. If insurance has not been procured or maintained by PSI as required by the contract or if PSI has not complied with other terms of the contract relating to insurance, then PSI has breached the contract and answering defendants demand all damages arising from plaintiff's claims which result from said breach.

WHEREFORE, answering defendants Eagles Stadium Operator, LLC and Philadelphia Eagles Football Club deny liability and demand that PSI comply with all provisions of the contract and defend, indemnify and hold harmless answering defendants from and against all liability, losses, damages, injuries, claims, legal fees, and expenses arising from this lawsuit. Answering defendants further demand damages arising from plaintiff's claims for any breach of contract by PSI, including all applicable contract remedies, including but not limited to interest. Answering defendants demand judgment in their favor on this cross-claim, including judgment for full indemnification, together with interest, costs, legal fees, expenses and such other proper relief that this court feels is justified.

**CROSS-CLAIM DIRECTED TO DEFENDANT DELAWARE NORTH COMPANIES**

1. Answering defendants incorporate paragraphs 1 through 32 of its Answer, and paragraphs 1-5 of its Cross-Claim against all co-defendants, as if fully set forth herein in their entirety.

2. Attached hereto as Exhibit "A" and incorporated herein by reference is a copy of the License and Concession Agreement between Eagles Stadium Operator, LLC and Penn Sportservice, Inc. ("PSI") for the event in question.

3. Upon information and belief, Delaware North Companies ("DNC") is an affiliated company of PSI. If the facts and evidence demonstrate that DNC acted in concert with PSI with respect to the event in question, or is the alter-ego of PSI, or is otherwise responsible for PSI's obligations under the contract, then DNC is liable to the answering defendants under the contract attached as Exhibit "A".

4. Pursuant to the contract attached as Exhibit "A", DNC is obligated to indemnify, defend and hold harmless answering defendants from all liability, losses, obligations, damages, fees, costs and expenses in this matter.

5. Further, pursuant to the contract attached as Exhibit "A", DNC agreed to purchase insurance naming answering defendants as additional insureds as provided in the contract. If insurance has not been procured or maintained by DNC as required by the contract or if DNC has not complied with other terms of the contract relating to insurance, then DNC has breached the contract and answering defendants demand all damages arising from plaintiff's claims which result from said breach.

WHEREFORE, answering defendants Eagles Stadium Operator, LLC and Philadelphia Eagles Football Club deny liability and demand that DNC comply with all provisions of the contract and defend, indemnify and hold harmless answering defendants from and against all liability, losses, damages, injuries, claims, legal fees, and expenses arising from this lawsuit. Answering defendants further demand damages arising from plaintiff's claims for any breach of contract by DNC, including all applicable contract remedies, including but not limited to interest. Answering defendants demand judgment in their favor on this cross-claim, including judgment

for full indemnification, together with interest, costs, legal fees, expenses and such other proper relief that this court feels is justified.

## JURY DEMAND

Defendants answering defendants Eagles Stadium Operator, LLC and Philadelphia Eagles Football Club hereby demand a jury.

Respectfully submitted,
**HOLLSTEIN KEATING CATTELL JOHNSON & GOLDSTEIN, PC**

By: s/ Patrick J. McStravick (PJM 7852)

John E. Tyrrell (JET 3923)
Patrick J. McStravick
Hollstein Keating, et al.
1628 John F. Kennedy Blvd, Suite 2000
Philadelphia, PA 19103
(215) 320-3260
Fax: (215) 320-3261
pjm@hkcjg.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOY HOFMANN,<br>    Plaintiff,<br><br>  v.<br><br>PHILADELPHIA EAGLES FOOTBALL CLUB, EAGLES STADIUM OPERATOR, LLC, SPORTSERVICE CORP., DELAWARE NORTH COMPANIES and PENN SPORTSERVICE, INC. | CIVIL ACTION<br><br><br>NO. 06-1252<br><br>DOCUMENT FILED ELECTRONICALLY<br><br>**JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Answer to Complaint was served upon the following counsel by first class mail:

Daniel S. Sweetser, Esquire
LOZIER, LAZZARO & SWEETSER, P.C.
4065 Quakerbridge Road
Suite 102
Princeton Junction, NJ 08550

            **HOLLSTEIN, KEATING, CATTELL**
            **JOHNSON & GOLDSTEIN, P.C.**


            By:  s/ Patrick J. McStravick (PJM 7852)
            Hollstein Keating, et al.
            1628 John F. Kennedy Blvd, Suite 2000
            Philadelphia, PA 19103
            (215) 320-3260
            Fax: (215) 320-3261
            pjm@hkcjg.com

Date: May 2, 2006