**MATTIONI, LTD.**
BY:    Faustino Mattioni
         George R. Zacharkow
Identification No. 13167 and 32816
399 Market Street, 2nd Floor
Philadelphia, PA 19106
Phone: (215) 629-1600
*Attorneys for Defendants Sportservice Corporation*
*and Delaware North Companies*

### UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOY HOFFMAN : | |
|    *Plaintiff* : | Civil Action No.: 06-1252 |
|    v. : | |
| PHILADELPHIA EAGLES : | |
| FOOTBALL CLUB, EAGLES : | |
| STADIUM OPERATOR, LLC, : | |
| SPORTSERVICE CORPORATION, : | |
| DELAWARE NORTH COMPANIES : | |
| AND PENN SPORTSERVICE, INC. : | |
|    *Defendants* : | |

### ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT BY DEFENDANTS, SPORTSERVICE CORPORATION AND DELAWARE NORTH COMPANIES

Defendants, Sportservice Corporation and Delaware North Companies, by and through their attorneys, Mattioni, Ltd., hereby respond to Plaintiff's First Amended Complaint, upon information and belief, as follows:

### STATEMENT OF JURISDICTION AND VENUE

The averments contained in this paragraph are conclusions of law to which no response is required under the Rules, as they are deemed denied. To the extent a response may be required, Answering Defendants deny that Sportservice Corporation and Delaware North Companies have their principal places of business in Philadelphia, and admit that in October 2004, Penn

U:\Docs\grz\Delaware North–Hoffman\Sportservice and Delaware North's Answer to Amended Comp.wpd

Sportservice, Inc. had its principal place of business in Philadelphia. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph and, therefore, they are deemed denied.

## FIRST COUNT

1. The averments contained in this paragraph are conclusions of law to which no response is required under the Rules, as they are deemed denied. To the extent a response may be required, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph and, therefore, they are deemed denied.

2. The averments contained in this paragraph are conclusions of law to which no response is required under the Rules, as they are deemed denied. To the extent a response may be required, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph and, therefore, they are deemed denied.

3. The averments contained in this paragraph are conclusions of law to which no response is required under the Rules, as they are deemed denied. To the extent a response may be required, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph and, therefore, they are deemed denied.

4. The averments contained in this paragraph are conclusions of law to which no response is required under the Rules, as they are deemed denied. To the extent a response may be required, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph and, therefore, they are deemed

denied.

    5.    Denied, except Answering Defendants admit that on April 30, 2002, Penn Sportservice, Inc.and Eagles Stadium Operator LLC entered a License and Concession Agreement regarding services to be provided at Lincoln Financial Field.

    6.    The averments contained in this paragraph are conclusions of law to which no response is required under the Rules, as they are deemed denied.  To the extent a response may be required, the averments regarding Answering Defendants are denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph and, therefore, they are deemed denied.

    7.    Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph and, therefore, they are deemed denied.

    8.    The averments contained in this paragraph are conclusions of law to which no response is required under the Rules, as they are deemed denied.  To the extent a response may be required, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph and, therefore, they are deemed denied.

    9.    The averments contained in this paragraph are conclusions of law to which no response is required under the Rules, as they are deemed denied.  To the extent a response may be required, the averments regarding Answering Defendants are denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph and, therefore, they are deemed denied.

    10.    The averments contained in this paragraph are conclusions of law to which no

response is required under the Rules, as they are deemed denied. To the extent a response may be required, the averments regarding Answering Defendants are denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph and, therefore, they are deemed denied.

WHEREFORE, Defendants, Sportservice Corporation and Delaware North Companies, demand that Plaintiff's Complaint against them be dismissed with prejudice, and that they be awarded such other and further relief as this Honorable Court deems appropriate.

### AFFIRMATIVE DEFENSES

1. Answering Defendants incorporate their answers to the averments contained in paragraphs 1-10, inclusive, with the same force and effect as if fully set forth herein.

2. Sportservice Corporation is not a proper party to this action.

3. Delaware North Companies is not a proper party to this action.

4. Plaintiff's claims against Sportservice Corporation and Delaware North Companies are frivolous and should be dismissed immediately to avoid Rule 11 sanctions.

5. Plaintiff has failed to state claims or causes of action upon which relief may be granted against Answering Defendants.

6. Plaintiff's claims are barred because the sole cause of the alleged injuries was the negligence of Plaintiff.

7. Plaintiff's claims must be reduced pursuant to the Pennsylvania Comparative Negligence Act, 42 Pa. C.S.A.§ 7100.

8. No act, omission, or conduct on behalf of Answering Defendants was the proximate cause of the alleged injuries.

9. The operator of the hand truck as alleged in Plaintiff's Complaint was not an

employee of Answering Defendants, and they had no control or right to control his activities and are not responsible for his conduct.

10. Answering Defendants were not the owner or operator, or in possession or control of the facilities or instrumentalities giving rise to Plaintiff's cause of action, and they do not enjoy any other status that would make them liable to Plaintiff.

11. If Plaintiff sustained injuries, damages, and/or losses as alleged, they were caused by entities or parties other than Answering Defendants, and for whom Answering Defendants are not responsible

12. Plaintiff has failed to mitigate her damages.

13. Answering Defendants incorporate by reference the applicable defenses asserted by the other parties in this action.

WHEREFORE, Defendants, Sportservice Corporation and Delaware North Companies, demand that Plaintiff's Complaint against them be dismissed with prejudice, and that they be awarded such other and further relief as this Honorable Court deems appropriate.

MATTIONI, LTD


BY: s/ George R. Zacharkow
Faustino Mattioni
George R. Zacharkow

Dated: June 9, 2006

## CERTIFICATE OF SERVICE

_____I, George R. Zacharkow, hereby certify that a true and correct copy of the Answer to Plaintiff's First Amended Complaint by Defendants, Sportservice Corporation and Delaware North Companies, was served electronically and via first class mail on June 9, 2006 to the following attorneys:

Daniel S. Sweetser, Esquire
Lozier, Lazzaro & Sweetser, PC
4065 Quakerbridge Road,
Suite 102
Princeton Junction, New Jersey 08550

John E. Tyrrell, Esquire
Hollstein Keating
Eight Penn Center
1628 JFK Blvd., Suite 2000
Philadelphia, PA 19103

s/ George R. Zacharkow

Dated: June 9, 2006