**MATTIONI, LTD.**
BY:   Faustino Mattioni
      George R. Zacharkow
Identification No. 13167 and 32816
399 Market Street, 2nd Floor
Philadelphia, PA 19106
Phone: (215) 629-1600
*Attorneys for Defendant Penn Sportservice, Inc.*

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOY HOFFMAN : | |
|     *Plaintiff* : | Civil Action No.: 06-1252 |
|     v. : | |
| PHILADELPHIA EAGLES : | |
| FOOTBALL CLUB, EAGLES : | |
| STADIUM OPERATOR, LLC, : | |
| SPORTSERVICE CORPORATION, : | |
| DELAWARE NORTH COMPANIES : | |
| AND PENN SPORTSERVICE, INC. : | |
|     *Defendants* : | |

**DEFENDANT, PENN SPORTSERVICE, INC.'S
ANSWER TO DEFENDANTS' CROSS-CLAIMS**

    Defendant, Penn Sportservice, Inc., by and through their attorneys, Mattioni, Ltd., hereby responds to Defendants' Cross-Claims, upon information and belief, as follows:

**FIRST CROSS-CLAIM**

    1.    Answering Defendant incorporates their Answer, including Affirmative Defenses, to the averments contained in Plaintiff's Amended Complaint as if fully set forth herein.

    2.    To the extent that the averments incorporated in this paragraph are conclusions of law, no response is required under the Rules, as they are deemed denied. To the extent a response may be required, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments incorporated in this paragraph and, therefore,

they are deemed denied.

3. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph and, therefore, they are deemed denied.

4. The averments contained in this paragraph are conclusions of law to which no response is required under the Rules, as they are deemed denied. To the extent a response may be required, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph and, therefore, they are deemed denied.

5. The averments contained in this paragraph are conclusions of law to which no response is required under the Rules, as they are deemed denied. To the extent a response may be required, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph and, therefore, they are deemed denied.

WHEREFORE, Defendant, Penn Sportservice, Inc., demands that Defendants' Cross-Claim against them be dismissed with prejudice, and that they be awarded such other and further relief as this Honorable Court deems appropriate.

## SECOND CROSS-CLAIM

1. Answering Defendant incorporates their Answer, including Affirmative Defenses, to the averments contained in Plaintiff's Amended Complaint, as well as their Answer to the First Cross-Claim, as if fully set forth herein.

2. Answering Defendant admits that a copy of the License and Concession Agreement entered between Eagles Stadium Operator LLC and Penn Sportservice, Inc. on April 30, 2002, regarding services to be provided at Lincoln Financial Field, is attached as Exhibit A,

which being a writing, speaks for itself and must be read in its entirety.

3. The averments contained in this paragraph are conclusions of law to which no response is required under the Rules, as they are deemed denied. To the extent a response may be required, Answering Defendant states that the License and Concession Agreement being a writing, speaks for itself and must be read in its entirety regarding the obligations of the parties thereto. By way of further answer, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Plaintiff's Complaint regarding the alleged incident and, therefore, they are deemed denied; accordingly, Answering Defendant is not in a position to further address the obligations claimed by Defendants.

4. The averments contained in this paragraph are conclusions of law to which no response is required under the Rules, as they are deemed denied. To the extent a response may be required, Answering Defendant states that the License and Concession Agreement being a writing, speaks for itself and must be read in its entirety regarding the obligations of the parties thereto. By way of further answer, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Plaintiff's Complaint regarding the alleged incident and, therefore, they are deemed denied; accordingly, Answering Defendant is not in a position to further address the obligations claimed by Defendants.

WHEREFORE, Defendant, Penn Sportservice, Inc., demands that Defendants' Cross-Claim against them be dismissed with prejudice, and that they be awarded such other and further relief as this Honorable Court deems appropriate.

### THIRD CROSS-CLAIM

This Cross-Claim is not directed against Answering Defendant and, accordingly, no response is required. To the extent a response may be required, Answering Defendant incorporates their Answer, including Affirmative Defenses, to the averments contained in

Plaintiff's Amended Complaint, as well as their Answer to the First Cross-Claim, as if fully set forth herein. To the extent that the averments contained in this Cross-Claim are conclusions of law no response is required under the Rules, as they are deemed denied. By way of further answer, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this Cross-Claim and, therefore, they are deemed denied.

WHEREFORE, Defendant, Penn Sportservice, Inc., demands that Defendants' Cross-Claim against them be dismissed with prejudice, and that they be awarded such other and further relief as this Honorable Court deems appropriate.

### AFFIRMATIVE DEFENSES

1. Defendants have failed to state claims or causes of action upon which relief may be granted against Answering Defendant.

2. Answering Defendant incorporates by reference the applicable defenses asserted by the other parties in this action.

WHEREFORE, Defendant, Penn Sportservice, Inc., demands that Defendants' Cross-Claim against them be dismissed with prejudice, and that they be awarded such other and further relief as this Honorable Court deems appropriate.

MATTIONI, LTD

BY: s/ George R. Zacharkow
Faustino Mattioni
George R. Zacharkow

Dated: June 9, 2006

## CERTIFICATE OF SERVICE

      I, George R. Zacharkow, hereby certify that a true and correct copy of Penn Sportservice's Answer to Defendants' Cross-Claims, was served electronically and via first class mail on June 9, 2006 to the following attorneys:

Daniel S. Sweetser, Esquire
Lozier, Lazzaro & Sweetser, PC
4065 Quakerbridge Road,
Suite 102
Princeton Junction, New Jersey 08550

John E. Tyrrell, Esquire
Hollstein Keating
Eight Penn Center
1628 JFK Blvd., Suite 2000
Philadelphia, PA 19103

s/ George R. Zacharkow

Dated: June 9, 2006