**MATTIONI, LTD.**
BY:     Faustino Mattioni
        George R. Zacharkow
Identification No. 13167 and 32816
399 Market Street, 2nd Floor
Philadelphia, PA 19106
Phone: (215) 629-1600
*Attorneys for Defendant Delaware North Companies*

### UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOY HOFFMAN : | |
|     *Plaintiff* : | **Civil Action No.: 06-1252** |
| v. : | |
| PHILADELPHIA EAGLES : | |
| FOOTBALL CLUB, EAGLES : | |
| STADIUM OPERATOR, LLC, : | |
| SPORTSERVICE CORPORATION, : | |
| DELAWARE NORTH COMPANIES : | |
| AND PENN SPORTSERVICE, INC. : | |
|     *Defendants* : | |

### DEFENDANT, DELAWARE NORTH COMPANIES'
### ANSWER TO DEFENDANTS' CROSS-CLAIMS

    Defendant, Delaware North Companies, by and through their attorneys, Mattioni, Ltd., hereby responds to Defendants' Cross-Claims, upon information and belief, as follows:

### FIRST CROSS-CLAIM

    1.    Answering Defendant incorporates their Answer, including Affirmative Defenses, to the averments contained in Plaintiff's Amended Complaint as if fully set forth herein.

    2.    To the extent that the averments incorporated in this paragraph are conclusions of law, no response is required under the Rules, as they are deemed denied. To the extent a response may be required, Answering Defendant is without knowledge or information sufficient

to form a belief as to the truth of the averments incorporated in this paragraph and, therefore, they are deemed denied.

      3.      Denied as to Answering Defendant.  By way of further answer, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph and, therefore, they are deemed denied.

      4.      The averments contained in this paragraph are conclusions of law to which no response is required under the Rules, as they are deemed denied.  To the extent a response may be required, the averments regarding Answering Defendant are denied.  By way of further answer, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph and, therefore, they are deemed denied.

      5.      The averments contained in this paragraph are conclusions of law to which no response is required under the Rules, as they are deemed denied.  To the extent a response may be required, the averments regarding Answering Defendant are denied.  By way of further answer, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph and, therefore, they are deemed denied.

WHEREFORE, Defendant, Delaware North Companies, demands that Defendants' Cross-Claim against them be dismissed with prejudice, and that they be awarded such other and further relief as this Honorable Court deems appropriate.

## SECOND CROSS-CLAIM

This Cross-Claim is not directed against Answering Defendant and, accordingly, no response is required.  To the extent a response may be required, Answering Defendant

incorporates their Answer, including Affirmative Defenses, to the averments contained in Plaintiff's Amended Complaint, as well as their Answer to the First Cross-Claim, as if fully set forth herein. To the extent that the averments contained in this Cross-Claim are conclusions of law no response is required under the Rules, as they are deemed denied. By way of further answer, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this Cross-Claim and, therefore, they are deemed denied.

WHEREFORE, Defendant, Delaware North Companies, demands that Defendants' Cross-Claim against them be dismissed with prejudice, and that they be awarded such other and further relief as this Honorable Court deems appropriate.

### THIRD CROSS-CLAIM

1.\tAnswering Defendant incorporates their Answer, including Affirmative Defenses, to the averments contained in Plaintiff's Amended Complaint, as well as their Answer to the First Cross-Claim, as if fully set forth herein.

2.\tAnswering Defendant admits that a copy of the License and Concession Agreement entered between Eagles Stadium Operator LLC and Penn Sportservice, Inc. on April 30, 2002, regarding services to be provided at Lincoln Financial Field, is attached as Exhibit A, which being a writing, speaks for itself and must be read in its entirety.

3.\tThe averments contained in this paragraph are conclusions of law to which no response is required under the Rules, as they are deemed denied. By way of further answer, the only parties to the License and Concession Agreement attached as Exhibit A are Eagles Stadium Operator LLC and Penn Sportservice, Inc.; neither Delaware North Companies, nor Sportservice Corporation are parties to the Agreement, or have any obligations under the Agreement.

Defendants claim is frivolous within the meaning of Rule 11 of the Federal Rules of Civil Procedure and should be withdrawn before sanctions are requested.

4. Denied. The averments contained in this paragraph are conclusions of law to which no response is required under the Rules, as they are deemed denied. By way of further answer, the only parties to the License and Concession Agreement attached as Exhibit A are Eagles Stadium Operator LLC and Penn Sportservice, Inc.; neither Delaware North Companies, nor Sportservice Corporation are parties to the Agreement, or have any obligations under the Agreement. Defendants claim is frivolous within the meaning of Rule 11 of the Federal Rules of Civil Procedure and should be withdrawn before sanctions are requested.

5. Denied. The averments contained in this paragraph are conclusions of law to which no response is required under the Rules, as they are deemed denied. By way of further answer, the only parties to the License and Concession Agreement attached as Exhibit A are Eagles Stadium Operator LLC and Penn Sportservice, Inc.; neither Delaware North Companies, nor Sportservice Corporation are parties to the Agreement, or have any obligations under the Agreement. Defendants claim is frivolous within the meaning of Rule 11 of the Federal Rules of Civil Procedure and should be withdrawn before sanctions are requested.

WHEREFORE, Defendant, Delaware North Companies, demands that Defendants' Cross-Claim against them be dismissed with prejudice, and that they be awarded such other and further relief as this Honorable Court deems appropriate.

## **AFFIRMATIVE DEFENSES**

1. Delaware North Companies is not a proper party to this action.

2. The claims against Delaware North Companies are frivolous and should be dismissed immediately to avoid Rule 11 sanctions.

  3. Defendants have failed to state claims or causes of action upon which relief may be granted against Answering Defendant.

  4. Answering Defendant incorporates by reference the applicable defenses asserted by the other parties in this action.

  WHEREFORE, Defendant, Delaware North Companies, demands that Defendants' Cross-Claim against them be dismissed with prejudice, and that they be awarded such other and further relief as this Honorable Court deems appropriate.

              MATTIONI, LTD


            BY: <u>s/ George R. Zacharkow</u>
               Faustino Mattioni
               George R. Zacharkow

Dated: June 9, 2006

## CERTIFICATE OF SERVICE

      I, George R. Zacharkow, hereby certify that a true and correct copy of Delaware North Companies' Answer to Defendants' Cross-Claims, was served electronically and via first class mail on June 9, 2006 to the following attorneys:

Daniel S. Sweetser, Esquire
Lozier, Lazzaro & Sweetser, PC
4065 Quakerbridge Road,
Suite 102
Princeton Junction, New Jersey 08550

John E. Tyrrell, Esquire
Hollstein Keating
Eight Penn Center
1628 JFK Blvd., Suite 2000
Philadelphia, PA 19103

s/ George R. Zacharkow

Dated: June 9, 2006